## Commonwealth *v.* Philadelphia, Harrisburg & Pittsburg Railroad Company, Appellant.

*Railroads—Obstruction of highway—Indictment—Nuisance—Act of June* 13, 1836, *P. L.* 551.

Where a railroad company has been indicted for obstructing a public road by an embankment, has pleaded guilty, and has had a rule taken upon it to show cause why the sheriff should not abate the nuisance, the railroad company is bound to show affirmatively that the nuisance was in fact abated, and this is the case, although no replication was filed to the answer to the rule. In such a case it is no answer to say that the road had been graded to within the limit of five degrees required by the general road act of June 13, 1836, P. L. 551, inasmuch as that act only applies to the laying out of new roads by viewers legally appointed for that purpose.

Argued March 11, 1907. Appeal, No. 15, March T., 1907, by defendant, from order of Q. S. Cumberland Co., Sept. T., 1905, No. 101, making absolute a rule to abate a nuisance in case of Commonwealth v. Philadelphia, Harrisburg & Pittsburg Railroad Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to abate a nuisance. Before SADLER, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule.

*J. W. Wetzel*, of *Wetzel & Hambleton*, for appellant.—The proposition, that in all cases arising on petition and answer the answer must be replied to by way of a replication, otherwise the facts averred in the answer must be taken as true, is too well known to require the citation of authority: Estate of Worthington, 6 Pa. Superior Ct. 484.

For the mere occupying of a public road a railroad company, possessing rights under the Act of February 19, 1849, P. L. 79, is not guilty of nuisance: Danville, etc., R. R. Co. v. Com., 73 Pa. 29 ; Ry. Co. v. Com., 90 Pa. 300 ; Pittsburg, etc., Ry. Co. v. Com., 101 Pa. 192.

This being a highway in a rural and sparsely settled part of a county township, it was permissible to narrow the highway if the travel thereon is not unreasonably inconvenienced or impeded : Monongahela City v. Fischer, 111 Pa. 9 ; Com. v. Shoemaker, 14 Pa. Superior Ct. 194 ; Com. v. R. R. Co., 23 Pa. Superior Ct. 235.

*N. W. Jacobs* and *S. S. Rupp*, with them *T. Ralph Jacobs,* district attorney, for appellee.—No replication was required ; even if it were necessary the irregularity of its omission was waived by defendant : Thompson v. Cross, 16 S. & R. 350 ; Stoever v. Weir, 10 S. & R. 25 ; Rules of court of Cumberland county, rule 91.

If the defendant cannot construct a grade crossing which will not impede the passage and transportation of persons and property along the highway, they have no right to maintain a grade crossing at all : Com. v. Erie & North East R. R. Co., 27 Pa. 339.

The defendant not having even attempted to show a necessity for a grade crossing, and the court having found as a fact that no such necessity exists, the grade crossing is a nuisance : Wood on Nuisances, secs. 250, 252 ; King v. Wright, 3 B. & Ad. 681 ; Com. v. Erie & N. E. R. R. Co., 27 Pa. 339.

The public have a right to have the road unobstructed its whole width : Com. v. R. R. Co., 66 Mass. 254 ; Com. v. McNaugher, 131 Pa. 55 ; People v. Vanderbilt, 28 N. Y. 396 ; Harrower v. Ritson, 37 Barb. 301 ; Republic v. Caldwell, 1 Dallas, 150.

OPINION BY BEAVER, J., April 15, 1907 :

The defendant corporation entered a plea of guilty upon a bill of indictment which charged that it did " in, on, upon and across a certain public highway . . . . unlawfully and injuriously erect, construct, place, set up, keep up and continue, and cause to be erected, constructed, placed, set up, established, maintained, kept up and continued an embankment composed of clay, dirt, stones, cinder, wood, elevated from ten to fifteen feet above the level of said highway, and having placed thereon wooden ties, on which are spiked ' T ' rails of metal. The ground or embankment, ties and ' T ' rails are so constructed

and placed in position so as to form a double track railroad extending entirely across said highway," etc.   And further that:

" Said Philadelphia, Harrisburg & Pittsburg Railroad Company did then and there and thence continually until the finding of this indictment, and still does there unlawfully and injuriously permit and suffer the said embankment, wooden ties and metal ' T ' rails to be and remain in, on, upon and across the said public highway, whereby said public highway then and there was, has been, and is now obstructed, so that the citizens of the said commonwealth could not, and have not been able since, to pass and repass upon and use the said public highway, as they ought and of right should, and were wont and accustomed to do," etc.

The defendant was sentenced " to abate the nuisance within three months, pay a fine of $250 and costs of the prosecution."

On May 24, 1906, the fine and costs were paid and a suggestion filed of record, stating that " The defendant, by its counsel, respectfully submit that the said sentence has been complied with and beg leave to file the annexed affidavit."   In the affidavit the defendant's division engineer " says that the grade of the said public road crossing, caused by the raising of the track and installation of a second track, has been reduced by filling and lengthening the approach, so as to bring it within the legal limit.   The sides are protected by guard rails, and there is now no obstruction to public travel.

" July 17, 1906, the district attorney, having been informed, as per affidavits filed, that defendant has failed to abate the nuisance of which it stands convicted, and the time limited by the sentence having expired, moves the court to grant a rule on defendant to show cause why the court should not make an order, directing the sheriff to abate the said nuisance at the cost of the defendant, and to make such order."   Upon this application, a rule upon the defendant was granted.

In its answer to the rule thus granted, the defendant, after stating in general terms that the nuisance had been abated, continues :  " Your respondent further says that the mound or embankment of earth, etc., complained of as the nuisance, was, and is not now a nuisance per se, because the said earth and filling put on the said public road crossing was placed there in the process of placing a second or double track on its right of

way, raising the roadbed to improve the grade of its railroad. This the defendant, in the exercise of its lawful rights under the laws of the state, had a perfect right to do, provided that within a reasonable time the public road crossing be put in a condition, so as not to impede the passage and transportation of persons and property along said public road.

" That, as soon as knowledge of the situation came to the company, efforts were made between the railroad company officials, township supervisors and interested citizens in the vicinity to adjust the entire public road grade crossings in the township of Lower Allen, there being, including the Simpson Ferry road, four public road grade crossings over the defendant's railroad within a distance of a mile, or a little better. Meetings between counsel, railroad officials, township officers and others were held on the ground, levels and measurements made, and means to avoid all said grade crossings discussed. After several months of discussion and effort, harmonious action could not be reached, and work on fully correcting the grade of the Simpson Ferry road crossing was suspended pending these negotiations.

" The delay thus occasioned might have been presumed an unreasonable one, and when the commonwealth insisted upon the disposal of the bill of indictment relating to this crossing, a formal plea of guilty was entered, because solely of this delay.

" After failure to agree, the grade of the said public road was, therefore, before the expiration of the limit imposed by the order of February 27, 1906, raised to within the limit of five degrees, required by the general road law in laying out public roads, and the road on both approaches and crossing put in as good, if not better, condition than existed prior to the placing thereon of the second track and raising the railroad bed to improve the grade, and if any impediment to public travel existed by reason of such improvement, such impediment has been fully and completely removed in complying with the order of the court of March 27, 1906."

This answer is set out at length, in order to give the defendant the full benefit of all that it claims in relation to the compliance with the sentence of the court in reference to the abatement of the nuisance.

It is to be remarked in reference to the answer that the court had nothing whatever to do with the motives which led the defendant to enter the plea of guilty to the indictment, charging it with maintaining the nuisance. Of what that nuisance consisted is clearly set forth in the indictment. It was the maintenance of an embankment composed of clay, dirt, stone, cinder and wood, elevated from ten to fifteen feet above the level of the said highway. This was the charge to which the defendant plead guilty, and it is no answer to say that the nuisance was abated by lengthening the approach to the railroad and thereby bringing the roadway within the alleged legal limit of five degrees required by the general road law in laying out public roads. The embankment was not reduced. On the other hand, it was increased by the extent to which it was lengthened, although the height was not thereby increased and the average grade may have been reduced. The surfacing of the road with stone and the erection of the guard rails, making the approaches to the tracks safer, contributed nothing whatever to the abatement of the nuisance complained of.

The defendant cannot hide behind the provisions of the third section of the Act of June 13, 1836, P. L. 551, relating to the duties of viewers, providing that " Whenever practicable the viewers shall lay out the said roads, at an elevation not exceeding five degrees, except at the crossing of ravines and streams, where by moderate filling and bridging the declination of the road may be preserved within that limit." This provision, it is needless to say, was made with reference to the laying out of new roads by viewers legally appointed for that purpose, and not with reference to the creation of embankments by the elevation by railroad companies of their tracks, under the direction of their own engineers, which destroyed the grade of established roads, as originally laid out and maintained.

We are not disposed, nor do we deem it necessary, to enter into a lengthy discussion as to whether or not the sentence of the court, directing the abatement of the nuisance, had been substantially complied with by the defendant. This question has been taken up and discussed with care and at great length by the court below, in an opinion covering over fifty pages of the appellant's paper-book, in which the testimony has been fully considered. So careful was the trial judge in the court

below that he visited the location of the embankment complained of and says, " We have visited the crossing and were impressed with its dangerous character.   Its peril, in our opinion, has been largely increased by the fills or embankments constructed to reach the tracks on either side.   We are satisfied there is no absolute necessity for the grade crossing and that a subway could be constructed without great difficulty and at a comparatively moderate outlay.

" If it be continued, the deplorable results which always follow from the maintenance of a dangerous crossing will be inevitable.   With the admission of the defendant, by its plea of guilty, that a nuisance existed, coupled with the fact that from the depositions it appears that no substantial change or actual abatement of the same has been made, it would be a wanton disregard of the safety and legal rights of the public to refuse to make the order prayed for."

The only assignments of error are :

" First.  The learned court erred in its opinion as follows :

" ' The guilt of the defendant having been thus, as aforesaid, established, the burden is upon it in this present proceeding to show that the nuisance has been abated.' "

The defendant contends that, inasmuch as no replication was filed to its answer to the rule to show cause why the nuisance should not be abated, it was not called upon to show affirmatively that this nuisance was in fact abated.   We do not think a replication was necessary.   In the absence of a rule of court requiring it—and none has been shown us—a formal replication was not required.   The issue was fairly made up by rule and answer, and testimony having been taken therein by both parties, even if a replication were desirable, there was evidently a waiver of any formal joining of the issue.   We are not aware, however, that such a practice exists in the quarter sessions generally.

Having been sentenced to abate the nuisance, it was, of course, the duty of the defendant to abate it and to show the manner in which the sentence was complied with to the court. This, of course, placed the burden of showing the abatement of the nuisance upon it, and we can see no possible error in the remark of the court in reference to that subject.

The second assignment of error relates to the decree—not

to its form, but to the fact that the decree was actually made. We are unable to see how the court could have reached any other conclusion under the evidence, as it was presented, and in view of the fact of the entry of the plea of guilty in maintaining the embankment, which was the nuisance complained of in the indictment and which was admittedly not removed.

We are not now concerned with the manner in which this nuisance is to be abated, but under the defendant's plea of guilty and the sentence of the court, we are justified in saying that it must be done in a substantial manner, in such a way as to relieve the public from the danger, the inconvenience and the obstruction to traffic caused by the height of the embankment.

The order of the court below is, therefore, affirmed and the appeal dismissed, at the costs of the appellant.